in such a specialty or instrument by the agreement of the parties, and by incorporating the agreement in the body of it above the seal and signature of the party executing it, where the amount of the insurance is not increased by the alteration, provided it is afterward redelivered so altered, either in fact, or in contemplation of law, to the other party with the knowledge and consent of the party executing it. 1 *Greenl. Ev.* sec. 569 *in note, Hudson v. Revett,* 15 *E. C. L. R.* 472.

JOHN STEWART *v.* JOHN H. APEL.

An agreement in writing, but not under seal, to rent the premises referred to in it, for a term of five years, will constitute in law only a demise or renting at first for one year, and after that from year to year so long as the tenant continues to hold them.

ASSUMPSIT upon a written agreement, but not under seal, by which the defendant agreed with the plaintiff to rent certain premises in the town of Milford, and to repair the same at his expense, for the term of five years commencing January 1st 1865, and ending January 1st 1870.

*Lofland,* for the defendant, after the plaintiff had proved the agreement and the amount demanded under it and closed his case, moved a nonsuit, because it was not a demise by deed or a contract or agreement to rent under seal, and, therefore, under the express terms of the statute, it was but a renting at first for one year, and which would be presumed in law under the facts proved, to have been but a renting from year to year, after that, so long as the defendant continued to hold the premises. *Rev. Code* 421, *secs.* 1, 2, 3. And yet in every count in the declaration the plaintiff had alleged the agreement and specially declared upon it as a demise or renting for the term of five years to be complete and ended, commencing on the 1st of Janu-

ary 1865 and terminating on the 1st of January 1870, which it could not be in law. The variance between the proof and the demise declared on was, therefore, fatal.

*Draper*, for the plaintiff, replied.

*By the Court.* Judgment of nonsuit must be entered.

---

ANDREW J. CALLEY *v.* JACOB ERB.

Any intentional taking, either directly or indirectly, of interest on a loan of money at a higher rate of interest than is allowed by the statute, is usurious, and subjects the party guilty of it, to the penalty or forfeiture imposed by it. There must be however, an agreement directly or indirectly, between the lender and the borrower when the loan is made, that the borrower shall pay the lender directly or indirectly a higher rate of interest than six *per centum per annum* upon it.

ACTION of debt *qui tam* under the statute against usury to recover the sum of $5500, forfeited on a loan of that amount by the defendant to one John S. Kersey, at a usurious rate of interest. It appeared by the evidence that Kersey who was much embarrassed and desirous of borrowing $8000, applied in the fall of 1862, to Mr. David T. Rickards to obtain a loan for him to that amount, who soon after made application to Mr. William McCaulley for that purpose, who replied that he would procure it for him if he possibly could ; and that some months elapsed before it could be done. In the meanwhile Rickards had referred Kersey to McCaulley, and he had called frequently to see him on the subject. He had agreed to pay Rickards at the rate of one per cent. on the amount of the loan when obtained for him, and afterward to pay McCaulley six per cent. upon it when obtained, and Rickards was to be paid by McCaulley one per cent. of his commissions at the rate of six per cent. Kersey requested McCaulley to procure